## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Thomas H. Vieregger dba dcs Gutters & Roofing; mem colorado gutterz, LLC; mem docs exteriors, LLC; mem dcs solar solutions, LLC; mem Ridgepoint Management Group, LLC; mem Eastland & Vierregger, LLC; ods Douglas County Seamless Gutter Co.<br><br>Debtors.<br><br>American Builders & Contractors Supply Co., Inc.,<br>Plaintiff<br><br>v.<br><br>Thomas H. Vieregger,<br>Defendant | Case No. 10-11642-ABC<br><br><br><br><br><br><br><br><br>Chapter 7<br><br><br>Adversary Case No.<br>10-1243-ABC |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A PARTICULAR DEBT PURSUANT TO BANKRUPTCY CODE 11 U.S.C. § 523(a)(2), (3), (4), and (6)

The Plaintiff and Creditor, American Builders & Contractors Supply Co., Inc. ("ABC"), by and through its counsel, Andersohn Law Office, PC, files its complaint objecting to discharge of debt and for a determination that the debts owed ABC by the Debtor and Defendant Thomas H. Vieregger ("Vieregger") were not discharged or are nondischargeable under 11 U.S.C. §523(a)(2), (3), (4), and (6). For its complaint the Plaintiff states and alleges as follows:

### JURISDICTION

1. This Court has original jurisdiction of these matters pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and 11 U.S.C. § 523, General Procedure Order No. 1984-3 and 28 U.S.C. § 157(b)(1) in that they arise under Title 11 of the United States Code.

2. A claim to determine the dischargeability of a particular debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

4. Defendant Vieregger filed his petition for bankruptcy relief under Chapter 7 on January 29, 2010.

## GENERAL ALLEGATIONS

5. ABC is a Delaware corporation, authorized to conduct business in the State of Colorado, engaged in the business of selling construction materials at 2401 E. 40th Ave., City and County of Denver, State of Colorado, 80205.

6. At all times relevant hereto, Defendant Vieregger was an officer, director, and owner of Douglas County Seamless Gutter Company, Inc. d/b/a DCS Gutters & Roofing, Inc. (the "Entity").

7. Plaintiff is the victim of Defendant Vieregger's collective fraudulent activities including his multiple violations of the Colorado Trust Fund Statute.

8. Defendant Vieregger and the Entity owe ABC, as of March 8, 2010, $76,091.75 plus interest, attorney fees, and costs for construction materials provided to the Entity for which Defendant Vieregger guaranteed payment.

9. Defendant Vieregger, through the Entity, was a roofing contractor supplying labor and materials for various buildings in the state of Colorado. ABC provided roofing and construction materials to Defendants for building, construction, remodeling, and other construction projects. On many of the construction projects for which ABC provided materials, the Entity was paid funds which were to be held in trust for payment to ABC, a material supplier.

10. Defendant Vieregger was responsible for all disbursements and payments made to ABC.

11. Defendant Vieregger, through the Entity, held funds paid by owners, general contractors, and others in trust for the payment of subcontractors, laborers and material suppliers pursuant to C.R.S. § 38-22-127.

12. Defendant Vieregger, as officer or director of the Entity, failed to pay subcontractors, material suppliers, or laborers for materials from the funds he held in trust for the benefit of Creditors.

13. Upon information and belief, Defendant Vieregger, as officer or director of the Entity, misappropriated the funds held in trust for his own use.

14. Defendant Vieregger, as officer or director of the Entity, has converted ABC's funds pursuant to C.R.S. § 38-22-127(5) and is guilty of theft.

15. Pursuant to § 38-22-127, C.R.S., the Colorado Trust Fund Statute, Defendant

Vieregger and the Entity have committed theft of the funds disbursed to him, as defined in C.R.S. § 18-4-401, entitling ABC to treble damages and attorney fees pursuant to C.R.S. § 18-4-405.

### FIRST CLAIM FOR RELIEF
### (11 U.S.C. §523 (a) (4))

16. ABC incorporates paragraphs 1 through 15 into its First Claim for Relief.

17. Defendant Vieregger's debt to ABC was obtained by fraud and defalcation while acting in a fiduciary capacity and larceny.

### SECOND CLAIM FOR RELIEF
### (11 U.S.C. §523 (a) (6))

18. ABC incorporates paragraphs 1 through 17 into its Second Claim for Relief.

19. The debt owed ABC was a result of the acts and omissions of Defendant Vieregger, which constituted a willful and malicious injury by Defendant Vieregger to ABC and to the property of ABC.

WHEREFORE, American Builders & Contractors Supply Co., Inc. prays for a determination that the debt owed it by Defendant Thomas H. Vieregger is excepted from discharge, a determination of the amounts owed it by Defendant Thomas H. Vieregger that are in violation of the Colorado Trust Fund Statute, a determination of all amounts owed to American Builders & Contractors Supply Co., Inc. by Defendant Thomas H. Vieregger and judgment in favor of American Builders & Contractors Supply Co., Inc., and against Defendants Defendant Thomas H. Vieregger for the amount owed, treble damages, attorney fees, prejudgment interest and post judgment interest, costs, and such other and further relief as the court deems proper.

Dated this 17th day of March, 2010

Respectfully submitted,

ANDERSOHN LAW OFFICES, PC

_____
Nathan L. Andersohn, Esq., #12000
Michael W. Walker, Esq., #30560
11971 Quay Street
Broomfield, Colorado 80020
Phone: 303.650.6414
Fax: 303.429.7574
E-mail: nandersohnlaw@yahoo.com
Attorney for Creditor/Plaintiff

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) 10-1243 ABC |
|---|---|
| **PLAINTIFFS** American Builders & Contractors Supply Co., Inc. | **DEFENDANTS** Thomas H. Vieregger |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Andersohn Law Office, PC 11971 Quay St., Broomfield, CO 80020 303-650-6414 | **ATTORNEYS** (If Known) F. Kelly Smith 216 16th St., Ste. 1210, Denver, CO 80202 303-592-1650 |
| **PARTY** (Check One Box Only) ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor  ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor  ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Defendant violated the Colorado Trust Fund Statute, acted fraudulently pursuant to 11 U.S.C. 523(a)(4), acted in a willful and malicious manner pursuant to 11 U.S.C. 523(a)(6).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 76,091.75 |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Thomas H. Vieregger | BANKRUPTCY CASE NO.<br>10-11642-ABC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE | NAME OF JUDGE<br>Campbell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>3/ 17 /10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Nathan L. Andersohn<br>Andersohn Law Office, PC | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.